IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KAY FLEMING                                                                             PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:16-cv-00156-GHD-DAS

JACKSON NATIONAL LIFE
INSURANCE COMPANY, JOHN DOES
1–25; and XYZ CORPORATIONS 26–50                                              DEFENDANTS

## MEMORANDUM OPINION DENYING DEFENDANT JACKSON NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS

Presently before the Court is a motion to dismiss [5] filed by Defendant Jackson National Life Insurance Company ("Defendant"). Defendant argues that the Court should dismiss the case *sub judice* pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, because Plaintiff Kay Fleming ("Plaintiff") failed to serve process on Defendant within the 120-day period required by Rule 4(h) of the Mississippi Rules of Civil Procedure and also failed to demonstrate good cause for the untimely service. Plaintiff has filed a response. Defendant has not filed a reply, and the time for doing so has now passed. Upon due consideration and for the reasons set forth below, the Court finds that the motion should be denied.

On August 10, 2015, Plaintiff filed her complaint in the Circuit Court of Prentiss County, Mississippi, alleging that Defendant failed to pay benefits totaling $50,000 purportedly owed to Plaintiff under a life insurance policy and seeking damages for bad faith, breach of contract, and breach of fiduciary duty to Plaintiff. According to the state court record, the state court clerk issued the summons that same day. However, the Defendant was not served with process within the 120 days required by Rule 4(h) of the Mississippi Rules of Civil Procedure; the 120 days apparently had run on or about December 8, 2015. On March 29, 2016—112 days after the expiration of the time period for service of process—Plaintiff moved for the state court to grant

1

her an additional 120 days to effectuate service on Defendant, arguing that good cause existed for the delay in service due to the temporary disbarment of Plaintiff's former counsel and his failure to effectuate service of the original summons issued on the date of filing. On March 30, 2016, the state court granted Plaintiff's motion, allowing her an additional 120-day extension to serve process on Defendant. On May 19, 2016, the state court clerk issued a new summons. Plaintiff served Defendant with process on August 2, 2016, well within the additional time period for service of process allowed by the state court. On August 29, 2016, Defendant timely removed the case to this Court on the basis of diversity of citizenship. On September 7, 2016, Defendant filed the present motion to dismiss [5] for failure to timely serve process.

In Defendant's motion, Defendant maintains that Plaintiff's motion for extension of time to serve process did not demonstrate good cause, because the motion failed to cite the date of the disbarment or set forth other details concerning efforts by Plaintiff's former counsel to effectuate service after the complaint was filed and the summons issued. Plaintiff argues in response that the attorney who formerly represented her in the action was suspended from the practice of law on January 25, 2016, and that Plaintiff was unaware that Defendant had not been served with process until she retained her current counsel on March 25, 2016. Plaintiff further maintains that her current counsel checked with the state court clerk for process, realized that none had been returned, and thereafter promptly filed a motion for additional time, stating the facts without accompanying exhibits. Plaintiff maintains that the record is now perfected as to the date of suspension and Plaintiff's lack of knowledge that service had not been performed. Plaintiff further maintains that the state court judge was aware of these facts upon entry of the order granting the extension to serve process and found that good cause existed to grant the same.

As stated above, Defendant's motion to dismiss is based on the defense of insufficient

service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.[1] " 'The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process.' " *Moody Nat'l Bank, N.A. v. Bywater Marine, L.L.C.*, 544 F. App'x 384, 386 (5th Cir. 2013) (per curiam) (quoting *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam)). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

In this case, Mississippi state law determines whether service was properly made prior to removal. *See Sal Ciolino & Assocs. v. First Extended Serv. Corp.*, 156 F. App'x 621, 622 (5th Cir. 2005) (per curiam) (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)). Rule 4 of the Mississippi Rules of Civil Procedure provides in pertinent part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint <u>and the party on whose behalf such service was required cannot show good cause why such service was not made within that period</u>, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

MISS. R. CIV. P. 4(h) (emphasis added).

In the case *sub judice*, Defendant requests that this Court review the ruling of the state court judge to determine if it was correct under the law. Defendant cites no binding law supporting that this request is proper. Even assuming this Court may properly review the state

---

[1] "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.' " *Gartin v. Par Pharm. Cos, Inc.*, 289 F. App'x 688, 692 n.4 (5th Cir. 2008) (per curiam) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1353).

court's ruling on the motion for additional time to serve process, *see generally* 18B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4478.4 (2d ed. 2017), Plaintiff has adequately demonstrated good cause for the extension, having at least demonstrated excusable neglect and that the failure to complete service in a timely fashion was the result of the conduct of a third person, Plaintiff's former attorney. *See Collins v. Westbrook*, 184 So. 3d 922, 930 (Miss. 2016). By requesting additional time to effectuate service of process in state court and referencing her former counsel's disbarment and failure to serve Defendant with process, Plaintiff attempted to show good cause for the failure to do so within the 120-day period required by Rule 4 of the Mississippi Rules of Civil Procedure. *See Gonsoulin v. Freeman*, No. 1:11CV231HSO-JMR, 2012 WL 70622, at *2 (S.D. Miss. Jan. 9, 2012). Furthermore, in Plaintiff's response to Defendant's motion to dismiss in this Court, Plaintiff's arguments, as well as her attachments thereto, including the Agreed Opinion and Judgment [11-1] of the Mississippi Supreme Court concerning the disbarment of Plaintiff's former counsel and the sworn affidavit [11-2] of Plaintiff's current attorney, demonstrate good cause for the delay in service. By effectuating service of process within the allowed extension of time to serve process granted by the state court, Plaintiff made a meaningful and ultimately successful effort to serve Defendant with the summons and complaint. Therefore, for all of the foregoing reasons, this Court finds that Plaintiff has demonstrated good cause for the delay in serving Defendant with process.

In sum, the Court finds that Defendant Jackson National Life Insurance Company's motion to dismiss [5] Plaintiff's complaint for untimely service of process shall be DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 27th of April, 2017.

/s/ *signature*
SENIOR U.S. DISTRICT JUDGE